# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| BAYOU DeCHENE RESERVOIR COMMISSION | * | DOCKET NO. 09-0429 |
| VERSUS | * | JUDGE JAMES |
| UNION PACIFIC RAILROAD CORP | * | MAGISTRATE JUDGE HAYES |

### MEMORANDUM RULING[1]

Before the Court is a Motion to Remand and for attorneys fees, expenses, and court costs [Doc. #20] filed by Plaintiff Bayou DeChene Reservoir Commission ("Plaintiff"). The motion is opposed by Defendant Union Pacific Railroad Company ("Defendant"). For the reasons stated below, the motion is hereby **GRANTED**.

### BACKGROUND

On October 23, 2008, Plaintiff filed an action in the Thirty Seventh Judicial District Court, Parish of Caldwell, seeking to expropriate and acquire full ownership of a parcel of property owned by Defendant. Plaintiff contends that the property is necessary for the construction of an access road to the Bayou DeChene Reservoir. The property consists of .567 acres and is part of Defendant's railroad right of way. On March 16, 2009, defendant removed the above-captioned matter to this Court on the basis of complete preemption under the Interstate Commerce Commission Termination Act ("ICCTA"). As the basis for removal, Defendant contends that Plaintiff's state law cause of action is complete preempted by the ICCTA because the property at issue is specifically related to Defendant's interstate rail transportation and the

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

taking of the property would directly interfere with the railroad's present and future use of railroad operating procedures and facilities. Plaintiff, however, argues that the expropriation of the property will not interfere with Defendant's railroad operations given that the eastern most portion of access road would be approximately 275 feet from the railroad itself and 75 feet from the railroad right of way.[2] In addition to remand, Plaintiff seeks an award of attorneys fees, costs, and expenses.

Defendant has also filed a motion to dismiss which appears to be based on the argument that although this Court has general subject matter jurisdiction over Plaintiff's state law condemnation action based on complete preemption, the Surface Transportation Board ("STB"), which is the administrative body charged with administering the ICCTA, should decide the issue of whether Plaintiff's action is preempted and ultimately the appropriateness of the proposed condemnation.[3] Because the issue of whether removal of this action pursuant to complete preemption was proper must be resolved prior to consideration of any other issues, the undersigned will consider Defendant's arguments in its motion to dismiss, to the extent that they relate to the issue of removal jurisdiction, in deciding Plaintiff's motion to remand.

## **LAW AND ANALYSIS**

"The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular &*

---

[2] Plaintiff states that the expropriation might actually assist Defendant given that "the right of way is required to permit the construction of the embankment for the roadway with the dirt for the road embankment spilling over onto the Defendant's railroad embankment. This would result in strengthening their existing structure." *See* Doc. # 20-1.

[3] As Plaintiff notes, it is difficult to discern the exact nature of Defendant's argument regarding its motion to dismiss. Defendant vacillates between arguing that this Court has jurisdiction to decide which tribunal, the STB or the state court, should ultimately decide the issue of condemnation in this case and arguing that the STB is the only body to make the decision of whether to apply state or federal law.

*Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). "In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *Id.* (citing 28 U.S.C. § 1441(a)). In this case, Defendant asserts that federal question jurisdiction exists based on the fact that Plaintiff's state condemnation action is completely preempted by federal law and, therefore, this Court has subject matter jurisdiction over such action.

"The presence or absence of federal- question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921 (1998). There are, however, exceptions to the well-pleaded complaint rule, one of which is doctrine of complete preemption. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 330 (5th Cir. 2008). "Under the complete preemption doctrine, what otherwise appears as merely a state law claim is converted to a claim 'arising under' federal law for jurisdictional purposes because 'the federal statute so forcibly and completely displace[s] state law that the plaintiff's cause of action is either wholly federal or nothing at all.'" *Id*. (internal quotations and citations omitted). "The question in complete preemption analysis is whether Congress intended the federal cause of action to be the exclusive cause of action for the particular claims asserted under state law." *Id*. at 331. If so, "the state law cause of action is completely preempted, and federal jurisdiction exists." *Id*.

There is no federal question presented on the face of Plaintiff's complaint. In arguing that removal was proper in this case, Defendant contends that Plaintiff's state law condemnation proceeding is completely preempted by the ICCTA, specifically 49 U.S.C. § 10501(b) of the Act, which states as follows:

> (b) The jurisdiction of the [Surface Transportation] Board over-
> 
> (1) transportation by rail carriers, and the remedies provided in this part

> with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and
>
> (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State,
>
> is exclusive. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.

49 U.S.C. § 10501(b). The Fifth Circuit has held that "the complete preemption doctrine applies to state causes of action that 'fall squarely' under . . . section 10501(b) of the ICCTA." *Id.*; *see also PCI Transp., Inc. v. Forth Worth & Western R. Co.*, 418 F.3d 535, 543-45 (5th Cir. 2005) (examining section 10501(b) of the ICCTA in the context of the Fifth Circuit's complete preemption analysis and concluding that the complete preemption doctrine applies). Therefore, the resolution of the instant motion depends on whether Plaintiff's state law condemnation action is such an action.

In deciding this issue in the context of state eminent domain actions, "the courts and the STB have held that the ICCTA does not "categorically preempt state condemnation proceedings." *City of Sache, TX v. Kansas City Southern*, 564 F.Supp.2d 649 (E.D.Tex. 2008) (citing *Lincoln Lumber Co.–Petition for Declaratory Order*, STB Finance Docket No. 34915, 2007 WL 2299735, *2 (Aug. 10, 2007) (noting that the broad federal preemption of section 10501(b) "does not completely remove any ability of state or local authorities to take action that affects railroad property")). Rather, it is only if the state condemnation action would interfere with or impede railroad operations that such action is preempted by the ICCTA. *See Id.*; *City of Lincoln v. Lincoln Lumber Co.*, 2006 WL 1479043 (D.Neb. May 23, 2006); *Maumee & W. R.R. Corp. and RMW Ventures, LLC-Petition for Declaratory Order*, 2004 WL 395835, *1 (Mar. 2,

2004); *District of Columbia v. 109,205.5 Square Feet of Land*, 2005 WL 975745, *3 (April 21, 2005); *City of Creede–Petitioner for Declaratory Order*, STB Finance Docket No. 34376, 2005 WL 1024483, *5 (May 3, 2005) (section 10501(b) "prevent[s] application of state laws that would otherwise be available, including condemnation to take rail property for another use that would conflict with the rail use);.[4]

Although the parties agree that the necessary determination in this case is whether the instant state condemnation proceeding is completely preempted because it would interfere with railroad operations, Defendant appears to contend that the STB, rather than this Court, should make such determination. In so arguing, Defendant apparently attempts to separate the issue of whether this Court has subject jurisdiction from the issue of whether state or federal law should apply in this case.[5] However, in the context of this case, these issues are one and the same -- in

---

[4] This standard appears to be derived from the STB's holding that there are two categories of actions that are preempted: (1) those that are categorically, or *per se*, preempted, which are (a) any form of state or local permitting or preclearance that, by its nature, could be used to deny a railroad the ability to conduct some part of its operations or to proceed with activities that the Board has authorized and (b) state or local regulation of matters directly regulated by the Board–such as the construction, operation, and abandonment or rail lines; railroad mergers, line acquisitions, and other forms of consolidation; and railroad rates and service; and (2) those that are preempted *as applied*, meaning that a factual inquiry indicates that they would have the effect of preventing or unreasonably interfering with railroad transportation. *See CSX Transportation, Inc.–Petition for Declaratory Order*, STB Finance Docket No. 34662, 2005 WL 1024490, *2-3 (May 3, 2005); *Barrois*, 533 F.3d at 332.

[5] For example, at one point Defendant states as follows:

> While it makes logical sense that the Surface Transportation Board is the only one to make the decision of whether to apply State or Federal law, and thus, the Court should dismiss Plaintiff's case, it remains unclear under the existing jurisprudence whether this Court should first accept factual presentations from both sides as to "as applied" preemption to determine if its has jurisdiction to dismiss. Since the Surface Transportation Board is the one who should ultimately make that decision, it simply does not make sense that this Court, at this juncture, should do anything other then [sic] Plaintiff's claims.

order for this Court to have subject matter jurisdiction over this case, Defendant's must demonstrate that Plaintiff's state law condemnation is completely preempted by the ICCTA, *i.e.* that Plaintiff's action arises solely under federal law. Hence, the decision of whether state or federal law should apply to Plaintiff's condemnation action is entirely determinative of this Court's subject matter jurisdiction.

While the STB does make that determination in some cases, the litany of cases just cited all involved the district court's resolution of a motion to remand by determining whether the proposed eminent domain action would interfere with rail operations and, therefore, whether removal based on complete preemption of the ICCTA was proper. *See City of Sache,* 564 F.Supp.2d at 655-57 (finding that an eminent domain proceeding that had been removed from state court would not impede rail operations and, therefore, that the court did not have subject matter jurisdiction based on complete preemption of the ICCTA); *District of Columbia*, 2005 WL 975745 at *3-4 (granting motion to remand case removed by railroad on the ground of complete preemption based on finding that proposed condemnation would not unreasonably interfere with railroad operations); *City of Lincoln*, 2006 WL 1479043 at *6-9 (same); *see also Lincoln Lumber Company–Petitioner for Declaratory Order*, STB Finance Docket No. 34915, 2007 WL 2299735, *3 (Aug. 10, 2007) ("Courts can, and regularly do . . . make determinations as to whether proposed eminent domain actions such as this would interfere with railroad operations."); *Maumee*, 2004 WL 395835 at *1 (noting that when federal preemption issues are raised, proposed eminent domain actions may be removed to federal court, but such courts regularly determine whether the action would interfere with rail operations).[6] Therefore,

---

*See* Defendant's Supplemental Memorandum in Support of Motion to Dismiss, Doc. # 18.

[6] Defendant refers to *Union Pacific Railroad Co. v. Chicago Transit Authority*, 2007 WL 1202417 (N.D.Ill. Apr. 20. 2007), possibly for the proposition that the STB should make the decision

Defendant's contention that the STB should decide whether federal or state law should apply in this case is without merit.

Accordingly, the issue before the Court is whether Defendant has demonstrated that Plaintiff's proposed condemnation of a portion of the railroad's right of way for the purpose of building an access road will interfere with Defendant's rail operations. Having reviewed the record, the undersigned finds that Defendant has made no such demonstration. In support of its contention that the proposed condemnation would interfere with railroad operations, Defendant merely makes conclusory and unsupported statements such as "the Commission's taking of the

---

as to whether the ICCTA or federal law should apply in this case, but that case does not support Defendant's argument. In *Chicago Transit Authority*, the railroad filed a declaratory judgment action in federal court based on preemption and seeking to enjoin the transit authority's ongoing state condemnation proceedings which were aimed at obtaining a perpetual easement on the railroad's right of way. *Id*. at *1. The transit authority filed a motion to dismiss the railroad's federal court action, arguing, *inter alia*, that the ICCTA did not give the STB jurisdiction over the matter. *Id*. The court found, utilizing a Rule 12(b)(6) standard, that the railroad's allegations that the condemnation would interfere with rail operations, although somewhat conclusory, were sufficient at that stage of the litigation to survive the motion to dismiss. *Id*. at *2. Defendant states that it is unclear whether the court ultimately dismissed the matter as being within the exclusive jurisdiction of the STB. It is, however, not unclear, as the court ultimately, on summary judgment, issued an order permanently enjoining the transit authority from expropriating the railroad's property pursuant to the state condemnation statute (the order stated that the relief granted was without prejudice to the transit authority's rights to proceed before the STB pursuant to the ICCTA). *Union Pacific Railroad Co. v. Chicago Transit Authority*, No. 07-0229, Docket Nos. 118,122, 2009 WL 448897 (N.D.Ill. Feb. 23, 2009). Therefore, the court, not the STB, made the preemption determination, and found that the transit authority's only remedy was pursuant to the ICCTA under the jurisdiction of the STB.

The undersigned notes that in *Barrois*, 533 F.3d at 333, the Fifth Circuit Circuit raised the issue of whether the as-applied analysis, with the court contended is used by the STB in order to determine ordinary preemption issues, should also be applied in a complete preemption determination; however, the court did not resolve the issue, instead specifically declining to "define the precise contours of the complete preemption doctrine under the ICCTA" because, in that case, the railroad had failed to demonstrate complete preemption even under an as-applied analysis. *Id*. at 334. Therefore, in the absence of guidance from the Fifth Circuit, the Court will rely on the above-cited district court cases in which the court has utilized the as-applied analysis.

property at issue would directly interfere with the railroad's present and future use of railroad operating properties and facilities" and the property is "used in railroad operations" and "is critical and necessary for railroad operations." As the party invoking the court's jurisdiction, Defendant bears the burden of demonstrating the existence of federal subject matter jurisdiction, *Better Enterprises Corp. v. Quantum Chemical Corp.*, 116 F.3d 1477, *2 (5th Cir. 1997), and conclusory allegations are not sufficient to support removal, *Richard v. Coldwell Banker Legacy*, 2009 U.S. Dist. Lexis 41892, *5 (W.D.La.. May 7, 2009).

Plaintiff, on the other hand, has cited specific facts supporting its contention that the proposed condemnation will not interfere with railroad operations, stating that the easternmost portion of the proposed eastern entrance road for which expropriation of the property is necessary is approximately 275 feet from the railroad itself and 75 feet from the railroad right of way. Even after Plaintiff submitted these facts, Defendant's only response is that it "has now had the opportunity to fully investigate the physical site and review its maps of the right of way at issue in connection with the possible expansion of the line" and that it "stands on its original [m]otion to [d]ismiss." This vague and unsubstantiated statement is not sufficient to demonstrate that the proposed condemnation will interfere with railroad operations, especially in light of the above-noted specific facts cited by Plaintiff demonstrating the opposite.[7] Therefore, the undersigned

---

[7] To the extent Defendant relies on *Chicago Transit Authority* for the proposition that its bare, conclusory allegations that Plaintiff's condemnation action would interfere with rail operations are sufficient to demonstrate that this Court has subject matter jurisdiction, the procedural posture of that case renders Defendant's argument unpersuasive. In that case, Defendant did not remove the state court proceedings to federal court; rather, the railroad filed a separate action in federal court on the issue of preemption, and the allegations of the complaint were deemed sufficient to survive dismissal; there was no apparent issue in the case regarding complete preemption or the court's general subject matter jurisdiction. Thus, the case provides no discernable support for the proposition that conclusory allegations in a notice of removal are sufficient to demonstrate subject matter jurisdiction. Again, as the removing party, Defendant bears the burden of demonstrating the existence of jurisdiction, and conclusory allegations are not sufficient. *See Better Enterprises*

8

finds that Defendant, despite having had numerous opportunities to do so, has failed to demonstrate that Plaintiff's proposed condemnation action would interfere with railroad operations such that the action is completely preempted by the ICCTA.

Accordingly, this Court does not have subject matter jurisdiction over this case. Plaintiff's motion to remand is therefore **GRANTED**, and it is **HEREBY ORDERED** that this action be **REMANDED** to the Thirty Seventh Judicial District Court, Parish of Caldwell. Plaintiff's motion for the award of costs, expenses, or attorneys fees is hereby **DENIED**.

THUS DONE AND SIGNED this 8th day of June, 2009, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

*Corp.*,116 F.3d at *2; *Richard*, 2009 U.S. Dist. Lexis 41892 at *5.

The undersigned notes that the *Chicago Transit Authority* court ultimately concluded that eminent domain proceedings against railroad property are *per se* preempted, eschewing any type of as-applied analysis (although the court alternatively held that the action was preempted under an as-applied analysis as well); however, the STB does not share this opinion, *see Maumee*, 2004 WL 395835 at *2 (stating that the railroad's argument that section 10501(b) would "preempt any exercise of state eminent domain power with respect to railroad property" was overbroad) and, as indicated by the cases cited above, numerous other courts have utilized the as-applied analysis in resolving the issue of whether a state condemnation action was completely preempted for the purposes of deciding a motion to remand. Moreover, both parties to this action argue that the as-applied analysis should be applied in this case.